UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Los Altos Boots, et al., | No. 2:21-cv-01652-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| Rob Bonta, et al., | |
| Defendants. | |

The Attorney General moves to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. Mot., ECF No. 29; Mem., ECF No. 29-1. The motion is fully briefed, *see generally* Opp'n, ECF No. 34; Reply, ECF No. 36, and the court submitted the matter for decision without hearing oral arguments, Min. Order, ECF No. 37.

The court denies the motion to dismiss for lack of subject matter jurisdiction for the reasons provided in the court's previous order. *See* Order (Nov. 10, 2021) at 4–9, ECF No. 35.

The state next argues the plaintiffs cannot prevail on a preemption claim because the California statute they challenge regulates only intrastate trade, whereas the Endangered Species Act preempts and regulates only interstate commerce. *See* Mem. at 6–9. The language of the California statute shows otherwise. Under that section, "it is unlawful to import into this state for commercial purposes, to possess with intent to sell, or to sell within the state, the dead body, or any part or product thereof, of [a] caiman." Cal. Penal Code § 653o(c). One cannot import

1

caiman products into the state without participating in interstate commerce. This court and others have also interpreted the Endangered Species Act as applying to functionally identical language in § 653o(b)(1) and its predecessors. *See Man Hing Ivory and Imports, Inc. v. Deukmejian*, 702 F.2d 760, 763–65 (9th Cir. 1983); *H.J. Justin & Sons, Inc. v. Brown*, 702 F.2d 758, 759 (9th Cir. 1983); *April in Paris v. Becerra*, 494 F. Supp. 3d 756, 765–66 (E.D. Cal. 2020); *Fouke Co. v. Brown*, 463 F. Supp. 1142, 1144 (E.D. Cal. 1979).

The state urges the court to interpret section 653o(c) more narrowly. It argues the trailing modifier "within the state" applies to each of the prohibited activities in the list it follows. *See* Mem at 7; Reply at 2. That is, California proposes reading section 653o as making it unlawful only to "import into this state for commercial purposes [within the state], to possess with intent to sell [within the state], or to sell *within the state*." *See* Reply at 2 (alterations and emphasis in original). That interpretation is a poor fit for section 653o(c). Although a trailing modifier can limit each item in the preceding list, that is unlikely to be true if the list is not a cohesive whole and is not separated from the trailing modifier by a comma. *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021). The better interpretative rule for section 653o(c) is the rule of the last antecedent: "a limited clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Id.* (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). That interpretive rule is a better fit for the statutory and factual context than the state's proposed interpretation, which leads to the unlikely conclusion that the state has banned only imports "into this state for commercial purposes [within the state]," Reply at 2 (alterations in original), and not imports into this state for commercial purposes outside the state.

The motion to dismiss (ECF No. 29) is **denied**.

IT IS SO ORDERED.

DATED: March 30, 2022.

CHIEF UNITED STATES DISTRICT JUDGE